UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BENFORD and
SHEILA WRIGHT-BENFORD,

    Plaintiffs,

v.

COUNTRY HOME LOANS
SERVICING, L.P., IMPAC FUNDING
CORP., d/b/a IMPAC LENDING GROUP,
DEUTSCHE BANK NATIONAL TRUST
COMPANY,  BANK OF AMERICA, NA,

    Defendants.
_____/

CASE NO. 12-13370
HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 13th day of March, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss (Docket #9).  The Motion has been fully briefed.  The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments.  For the reasons that follow, Defendants' Motion is granted.

## II.  BACKGROUND

According to Plaintiffs' response brief, the facts of this case are as follows.  On November 6, 2002, Plaintiffs obtained a mortgage loan ("Loan") from Defendant IMPAC Funding Corp. d/b/a IMPAC Lending Group ("Lender") in the principal sum of $431,023.55.  As security for the Loan, Plaintiffs granted the Lender a mortgage ("Mortgage") on the subject real property, located in West Bloomfield, Michigan ("Property").  The Mortgage was recorded on February 12, 2003, in the Oakland County Register of Deeds.  On November 10, 2009, the Mortgage was assigned to Defendant Deutsche Bank National Trust Company ("Deutsche") as Trustee, as evidenced by an assignment that was recorded on November 18, 2009, in the Oakland County Register of Deeds.

Defendants allege they sent Plaintiffs a foreclosure/housing counselor notice on October 18, 2011, pursuant to M.C.L. § 600.3205a, which Plaintiffs do not recall receiving.  The notice was published on October 18, 2011, in the Oakland County Legal News, but Plaintiffs did not see it.  At an unspecified time, Plaintiff Ronald Benford allegedly requested a loan modification meeting through a housing counselor in response to a request for payment on a mortgage obligation owed to the mortgage servicer.

Deutsche initiated foreclosure by advertisement proceedings against Plaintiffs by publishing notices of the sale of the Property in Oakland County Legal News on November 15, 22, and 29, 2011, and December 6, 2011.  Plaintiffs deny that the notice of foreclosure sale was posted in a conspicuous place at the Property on November 15, 2011.  On December 13, 2011, Deutsche purchased the Property at a foreclosure sale. On June 12, 2012, Plaintiffs filed the instant lawsuit challenging the foreclosure in Oakland County Circuit Court.  The redemption period expired the next day, on June 13, 2012.  Defendants removed this case to federal court on July 31, 2012, and it

was assigned to District Judge Robert H. Cleland. Plaintiff filed an Amended Complaint on August 31, 2012, and Defendants filed the Motion to Dismiss on September 14, 2012. On January 7, 2013, this case was reassigned to the undersigned.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 696-97 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the

Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).

### IV. ANALYSIS

The best manner of commencing the Court's analysis of this matter is to quote the opening paragraph of Defendants' reply brief:

> Incredulously, to prepare their Response to Defendants' Motion to Dismiss ("Response"), Plaintiffs appear to have cut and paste Defendants' brief and changed sentences from the affirmative to the negative and vice versa in an attempt to salvage their deficient claims. In so doing, Plaintiffs not only mischaracterize key facts, they also intentionally, or at least recklessly, misstate legal precedent on nume-rous occasions in an attempt create an issue of fact to withstand summary disposition. Plaintiffs' shameless actions[,] ... includ[ing] misquoting judicial opinions[,] do nothing to change the fact that their Amended Complaint is utterly devoid of facts establishing any cause of action. Accordingly, the Amended Complaint should be dismissed with prejudice because Plaintiffs have not alleged facts that even "create a suspicion [of] a legally cognizable right of action," which is not enough to withstand a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

Defendants' Reply Brief, at 2 (footnote omitted).  As Defendants suggest, the Court finds that Plaintiffs' Response is a cut-and-paste hack job.  Plaintiffs extensively and literally copied many of the sentences and paragraphs from Defendants' brief in support of the Motion to Dismiss, then inserted the word "not" into some sentences to change them from affirmative to negative statements (and, conversely, changed negative statements into affirmative statements).  For example, Defendants' brief in support of the Motion to Dismiss stated:

> Plaintiffs had six months after the sale – until June 13, 2012 – to challenge the foreclosure. *See* MCL § 600.3240(8); **Ex. 4.**

> Plaintiffs made no such challenge, nor did they redeem. *See,* Compl. gen. While Plaintiffs filed their Complaint approximately two weeks after the expiration of the redemption period, they already had lost the ability to challenge the foreclosure. *See, Overton v. Mortgage Electronic Registration Systems*, No. 284950, 2009 WL 1507342 (Mich. App. May 28, 2009) **(Ex. 5)** at *1 ("Although [plaintiff] filed his suit before the redemption period expired, that was insufficient to toll the redemption period"); *Mission of Love v. Evangelist Hutchinson Ministries*, No 266219, 2007 WL 1094424 (Mich. App. April 12, 2007) **(Ex. 6)** at *5; *Moriarty v. BNC Mortgage, Inc.*, No. 10-13860, 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) **(Ex. 7)** at *2; *Jackson v. CitiMortgage, Inc.*, No. 10-14221, 2011 WL 479923 (E.D. Mich. Feb. 4, 2011) **(Ex. 8)** at *2.

Plaintiffs' Response paralleled that paragraph word for word, except for a few notable changes (the Court has identified new words added by Plaintiffs in **underlined bold** and words deleted by Plaintiffs are indicated by ~~strikeout~~):

> Plaintiffs ~~had~~ **did not have** six months after the sale – until June 13, 2012 – to challenge the foreclosure **as they discovered the foreclosure in early 2012**. *See* MCL § 600.3240(8); **Ex. 4.** Plaintiffs made ~~no~~ such challenge, nor did they redeem. ~~See, Compl. gen.~~ While Plaintiffs filed their Complaint ~~approximately two weeks after~~ **prior to** the expiration of the redemption period, they already had **not** lost the ability to challenge the foreclosure. *See, Overton v. Mortgage Electronic Registration Systems*, No. 284950, 2009 WL 1507342 (Mich. App. May 28, 2009) ~~(Ex. 5) at *1~~ ("Although [plaintiff] filed his suit before the redemption period expired, that was insufficient to toll the redemption period"); *Mission of Love v. Evangelist Hutchinson Ministries*, No 266219, 2007 WL 1094424 (Mich. App. April 12, 2007) ~~(Ex. 6) at *5~~; *Moriarty v. BNC Mortgage, Inc.*, No. 10-13860, 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) ~~(Ex. 7) at *2~~; *Jackson v. CitiMortgage, Inc.*, No. 10-14221, 2011 WL 479923 (E.D. Mich. Feb. 4, 2011) ~~(Ex. 8) at *2~~.

Although Plaintiffs correctly edited the paragraph to reflect that they did, technically, file their Complaint prior to the expiration of the redemption period (by <u>one</u> day), Plaintiffs could not edit the law to support their position. As such, even though Plaintiffs preposterously and awkwardly inserted the word "not" into the phrase "they already had lost the ability to challenge the

5

foreclosure," Plaintiffs did not – and could not with any legal accuracy or support – change the language of the *Overton* court. Thus, the correct statement of the applicable law, whether set forth in Plaintiffs' brief or Defendants' brief is that: "Although [plaintiff] filed his suit before the redemption period expired, that was insufficient to toll the redemption period." Therefore, the fact that Plaintiffs filed their suit a day before the redemption period expired is meaningless because the redemption period did, in fact, expire the next day.

Notwithstanding Plaintiffs' further attempts at recreating/mischaracterizing the opinions of multiple courts, the clear and applicable holdings of those courts is that persons such as Plaintiffs have no right to challenge their foreclosure sale after the redemption period expired. *See, e.g., Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942); *Overton*, 2009 WL 1507342 at *1; *Spartan Distributors, Inc. v. Golf Coast Int'l, L.L.C.*, No. 295408, 2011 WL 1879722 (Mich. App. May 17, 2011) at *3. There are limited exceptions to this rule of law but, as discussed below, none of those exceptions are present in this case.

A plaintiff may challenge the foreclosure sale after the expiration of the redemption period by alleging fraud or irregularity in the foreclosure sale process. *See Paige v. Kress*, 80 Mich. 85, 89 (1890); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537 at *6 (E.D. Mich. Feb. 24, 2011) ("A court has no authority to set aside a properly conducted foreclosure in the absence of a clear showing of fraud, accident, or mistake in the foreclosure proceedings."). In their Response, Plaintiffs seek to circumvent the effect of Michigan law by claiming that their attack on the foreclosure sale may be based upon "fraud or irregularity in the <u>mortgage</u> and foreclosure sale process" (emphasis added). Plaintiffs, however, cite no authority for the proposition that "fraud or irregularity in the <u>mortgage</u> ... process" will give them standing. Instead, Plaintiffs actually

misquote the very precedent that bars their claims.  Plaintiffs' claim that "[t]he mortgagor may challenge 'the underlying equities,' including those 'bearing on the instrument'" (citing to Michigan Court of Appeals' decision in *Jackson v. Laker Group, L.L.C*) is baseless.  In fact, as *Jackson v. Laker Group, L.L.C.* makes clear, under Michigan law, Plaintiffs cannot challenge the <u>mortgage</u> but rather must make a strong showing of fraud or irregularity in <u>the foreclosure process</u> to set aside a foreclosure sale. *See Jackson v.Laker Group, L.L.C*, Nos. 261588 and 261594, 2005 WL 2901787 (Mich. Ct. App. Nov. 3, 2005).  *See also Reid v. Rylander*, 258 N.W. 630, 631 (Mich. 1935).  The Court also notes that, had Plaintiffs entered into a trial period plan, Plaintiffs also could challenge the foreclosure sale after the expiration of the redemption period.  In this case, however, there is no allegation or evidence that a trial period plan was ever entered into by Plaintiffs.

Therefore, for the reasons set forth above, the Court concludes that: (1) Plaintiffs do not have standing to challenge the foreclosure of the Property, and (2) Defendants are entitled to dismissal of Plaintiffs' cause of action.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED and Plaintiffs' cause of action be DISMISSED WITH PREJUDICE.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

<u>S/Lawrence P. Zatkoff</u>
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 13, 2013